***********
Upon review of the competent evidence of record and finding no good grounds to receive further evidence or to rehear the parties or their representatives the Full Commission upon consideration of the evidence enters the following Opinion and Award.
 *********** *Page 2 PROCEDURAL HISTORY
It is undisputed that plaintiff entered into a Memorandum of Mediated Settlement Agreement (hereinafter, Mediated Settlement Agreement), but refused to sign the Agreement of Final Settlement and Release (hereinafter, Clincher Agreement). Plaintiff was represented by legal counsel when the Mediated Settlement Agreement was executed. Former Deputy Commissioner, Edward Garner, Jr. approved the Clincher Agreement on 26 June 2003 and plaintiff has been paid cash and is receiving proceeds from two annuities as part of the settlement agreement. Plaintiff, pro se, filed a Form 33 Request for Hearing on 1 March 2005 from which defendants filed a Motion to Dismiss, which was granted by Deputy Commissioner Kim Ledford. The plaintiff appealed from the Order of Dismissal filed on 19 May 2006, and the issue was thereupon argued before the Full Commission on 13 December 2006.
By Order filed by the Full Commission on 5 February 2007, the matter was remanded to a Deputy Commissioner to take evidence on (1) "what relief Plaintiff is seeking" and (2) "the evidence he intends to present in support of this claim." This case was then set for hearing and was heard by Deputy Commissioner J. Brad Donovan on 15 June 2007. At the hearing, the only evidence taken was the testimony of plaintiff. Thereafter, by Order filed by Deputy Commissioner Donovan on 21 August 2007, defendants were allowed to submit and the Deputy Commissioner admitted into evidence, affidavits of several witnesses detailing the testimony and evidence they would present on whether the Clincher Agreement and Mediated Settlement Agreement should be set aside should this case be sent back for a hearing on the merits. The exhibits admitted into evidence are hereby added to the end of the transcript.
 ***********
Based upon the competent evidence of record, the Full Commission enters the following: *Page 3 
 FINDINGS OF FACT
l. The issue presented is whether the Clincher Agreement and Mediated Settlement Agreement should be set aside.
2. Plaintiff sustained a compensable injury by accident on 22 August 2000. This case was set for hearing to be heard by Deputy Commissioner Edward Garner, Jr. on 30 July 2002. However, prior to the hearing, the attorneys notified the Deputy Commissioner Garner that no lay testimony was needed, and they would proceed only with medical depositions. The parties deposed eight physicians in this matter.
3. This case was the subject of a mediation that impassed on 28 August 2002. This case was voluntarily mediated a second time on 2 May 2003. At this second mediation, an agreement was reached and plaintiff signed the Mediated Settlement Agreement. Plaintiff was represented by legal counsel at this mediation, and he had his sister, Ms. Carrie Tyson, present with him also. Afterwards, plaintiff refused to sign the Clincher Agreement, which was prepared based on the terms agreed upon in the Mediated Settlement Agreement. Deputy Commissioner Garner approved the Clincher Agreement on 26 June 2003. Prior to expiration of the time to appeal to the Full Commission from the approval of the Clincher Agreement, plaintiff admits that he had a conversation with Deputy Commissioner Garner. Plaintiff was advised of his appeal rights, but he did not appeal to the Full Commission. Thereafter, as set forth in the Mediated Settlement Agreement and the Clincher Agreement Plaintiff was paid the majority of his lump sum settlement in cash and the balance of his settlement was used to fund an annuity which guaranteed monthly payments to plaintiff of $505.38 for 91 months. Additionally defendants agreed to fund a Medicare set-aside account at $310.00 annually for life, increasing *Page 4 
4.67 % compounded annually. Plaintiff continues to receive the annual annuity for the Medicare set-aside to cover medical expenses as well as his separate monthly annuity payments.
4. Two years later plaintiff, now pro se, filed the hearing request that has become the subject of this matter. The Form 33 hearing request stated that the parties were "unable to agree on permanent disability." Defendants filed a Motion to Dismiss, asserting that the parties had agreed on permanent disability when they entered into a Mediated Settlement Agreement. Deputy Commissioner Ledford entered an order dismissing plaintiff's claim with prejudice. Plaintiff appealed to the Full Commission and this matter was remanded to the Deputy Commissioner Section for an evidentiary hearing.
5. On the date of the hearing before Deputy Commissioner Donovan pursuant to the Full Commission remand, plaintiff was 61 years of age, with a date of birth of 23 February 1946.
6. Plaintiff testified that he is receiving Social Security Disability benefits but he is not yet Medicare-eligible. Plaintiff also testified that no court had ever found him to be incompetent.
7. Plaintiff recalled going to two mediations in his case. He testified that he did not sign any paperwork at the first mediation. He was aware that he could walk away from the second mediation without signing any agreement also.
8. Plaintiff admitted that he signed the paper (the Mediated Settlement Agreement) at the second mediation; however, he testified that he did not know what he was signing. He also admitted that the annuity figures were discussed and that the second page of the Mediated Settlement Agreement was in existence at the time of the second mediation.
9. Plaintiff testified that he was forced or pressured to sign the Mediated Settlement Agreement by his sister, his attorney and the mediator. Plaintiff testified that his former attorney *Page 5 
and his sister told him that if he did not sign the Mediated Settlement Agreement, "My case will be forever buried and I won't get a dime to pay my bills." Plaintiff testified that he only signed the Mediated Settlement Agreement because he had a lot of unpaid medical bills. He further indicated that he might have been impaired due to the medication he was on when he signed the Mediated Settlement Agreement.
10. Plaintiff also testified that he wants "the proper medical treatment."
11. Plaintiff is requesting that the Mediated Settlement Agreement and Clincher Agreement be rescinded or set aside. As part of what appears to be an alternative request for relief, plaintiff also testified that he would like to have the full $45,989.58 used to purchase the annuity paid directly to him in a lump sum because he did not agree to the purchase of this annuity.
12. In the Full Commission Order filed 5 February 2007, plaintiff was specifically ordered to file a Form 33 in order to set forth the relief he was seeking and the grounds for the relief requested. Plaintiff never did so. Although plaintiff did not file a Form 33 as directed by the Full Commission, the case was placed on a hearing docket. No Pretrial Agreement was executed; therefore, at the time of the hearing in this matter, defense counsel had not been given notice of the basis of plaintiff's claim.
13. Plaintiff contends that the Clincher Agreement should be set aside on the ground that it does not comport with Industrial Commission Rule 502. Plaintiff further contends that the Clincher Agreement and the Mediated Settlement Agreement should be set aside pursuant to N.C. Gen. Stat. § 97-17 because he signed the Mediated Settlement Agreement in error due to undue influence and a mutual mistake of fact. *Page 6 
14. Plaintiff's evidence on undue influence appears to be the following: (1) Plaintiff claims to have been incompetent or impaired when he signed the Mediated Settlement Agreement; and (2) Plaintiff claims to have been forced or coerced into signing the Mediated Settlement Agreement by his sister, his attorney and the mediator. Plaintiff's evidence in support of his contention that the parties entered into the Mediated Settlement Agreement under a mutual mistake of fact appears to be his testimony that his medical diagnosis or diagnoses were not fully known as of the date of the agreement.
15. Plaintiff has failed to prove by the greater weight of the evidence that the Mediated Settlement Agreement and the Clincher Agreement should be set aside for the reasons set forth hereafter.
16. There is insufficient competent evidence of record to support plaintiff's contention that he was incompetent or impaired by medication as of the date of the second mediation. No court has ever found him to be incompetent. There is insufficient evidence to establish that the issue of incompetence was raised at the second mediation. The medical records provided to the Commission with the Clincher Agreement do not support a finding that plaintiff was incompetent at the time he signed the Mediated Settlement Agreement. Also, Martha Simpson, Ph.D., the treating psychologist in this case, was deposed by the parties on 10 December 2002, which was prior to the second mediation. She testified that while plaintiff had issues with focusing and with retention; and that although he was severely compromised, he was not so compromised as to be considered "incompetent." The argument advanced in plaintiff's brief to the Full Commission that plaintiff is incompetent now and potentially needs a guardian-ad-litem appointed was not raised at the hearing before Deputy Commissioner Donovan. Plaintiff's attorney called him to testify. Plaintiff responded to questions in a manner that tended *Page 7 
to establish that he understood the nature of the proceeding, what he was saying and the subject matter about which he testified.
17. There is insufficient evidence to support plaintiff's contention that he was heavily medicated as of the date of the hearing. There is no corroborative evidence of record to show what, if any, medication he was on during the mediation conference.
18. The evidence is insufficient to establish by the greater weight that Plaintiff was forced or pressured by his attorney, the mediator, and his sister to sign the Mediated Settlement Agreement. Ms. Tyson, plaintiff's sister, failed to obey the subpoena directing her to appear and testify at the hearing, so she could not be questioned as to her role in the alleged pressuring of plaintiff to sign the Mediated Settlement Agreement. Plaintiff had previously walked away from a mediation. Therefore, he knew that he had a right to reject defendants' settlement offer. Moreover, there is no evidence that defendants exerted undue influence or pressure on plaintiff to coerce him into signing the Mediated Settlement Agreement.
19. Plaintiff testified that he only signed the Mediated Settlement Agreement because he had outstanding medical bills. This allegation does not provide sufficient grounds for setting aside the settlement agreement. Also, it appears from the evidence of record that defendants were continuing to provide medical treatment to plaintiff. However, there was a dispute concerning the compensability of his psychological treatment, but this matter could have been resolved through a hearing.
21. Plaintiff further contends that as of the date of the mediation, his actual diagnosis was unknown, and that he had not been advised or informed about his medical condition. Plaintiff's testimony is not supported by the evidence. Plaintiff's former attorney took eight medical depositions on behalf of plaintiff prior to the second mediated settlement conference and *Page 8 
plaintiff had received treatment from numerous doctors over the almost three year period from his injury to the mediation.
22. With respect to plaintiff's contention that he did not understand the annuities that were part of the settlement, the Mediated Settlement Agreement stated that the defendants would "fund an annuity pursuant to the terms of the attached Proposal" so plaintiff was on notice that the agreement included an annuity. In addition, plaintiff admitted that the annuity figures were discussed at the mediation. Plaintiff's testimony that the second page of the Mediated Settlement Agreement was not shown to him is not found to be credible. Also, plaintiff was represented by attorney at the mediation and had the opportunity to reject the settlement offer or seek clarification of the terms of the settlement.
23. Plaintiff has failed to prove that the Mediated Settlement Agreement and the Clincher Agreement approved by the Industrial Commission should be set aside on the grounds that the settlement was not fair, just and in the best interest of all the parties or that the Compromise Settlement Agreement did not comply with I.C. Rule 502. Deputy Commissioner Garner talked to plaintiff before his appeal rights to the Full Commission expired. Plaintiff was aware that he could appeal to the Full Commission from the order approving the Clincher Agreement and he did not. The Clincher Agreement was prepared consistent with the terms agreed upon in the Mediated Settlement Agreement and all of the conditions set forth in N.C. Gen. Stat. § 97-17 appeared to have been satisfied. Plaintiff failed to provide evidence on his argument that the settlement agreement did not comply with the requirements of I.C. Rule 502. Plaintiff contends that since he did not sign the Clincher Agreement the requirement under Rule 502 that all parties and attorneys of record must sign was not met. However, the plaintiff and all *Page 9 
attorneys of record did sign the Mediated Settlement Agreement, which is enforceable as a Clincher Agreement.
24. With respect to plaintiff's contention that the Clincher Agreement should be modified by converting the annuity funded by plaintiff's settlement monies to a lump sum cash payment and paying these proceeds directly to plaintiff, this is a matter over which the Commission has no jurisdiction.
 ***********
Based on the foregoing Findings of Fact the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. In determining whether a mediated settlement agreement is enforceable, the Commission should look to see whether: (1) there is a mediated settlement agreement signed by all parties; (2) the mediated settlement agreement contains all requirements of a valid contract; (3) there was a meeting of the minds; (4) the contract complies with Rule 502; and (5) the agreement is fair and just and in the best interest of all parties. Lemly v. Colvard Oil Co., l57 N.C. App. 99, 577 S.E.2d 712
(2003). Plaintiff entered into a binding and enforceable Mediated Settlement Agreement. It was signed by all the parties; there was a meeting of the minds, it contains all the requirements of a valid contract and it complies with I.C. Rule 502. Also there is insufficient evidence to establish that the agreement was not fair, just and in the best interest of the parties. This Mediated Settlement Agreement is enforceable as a Clincher Agreement pursuant to Lemly v. Colvard OilCo., l57 N.C. App. 99, 577 S.E.2d 712 (2003).
2. Plaintiff has failed to establish by the greater weight of the evidence sufficient grounds to set aside the Mediated Settlement Agreement or the Clincher Agreement under N.C. *Page 10 
Gen. Stat. § 97-17. Accordingly, plaintiff's request to set aside the Mediated Settlement Agreement and the Compromise Settlement Agreement should be denied.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's request to set aside the Mediated Settlement Agreement and Clincher Agreement is DENIED.
2. Plaintiff's claim is dismissed with prejudice.
3. Each side shall bear its own costs.
This the ___ day of May 2008.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1